IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:24-cv-02438-RMR

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

UNITED AIRLINES, INC.,

    Defendant.

## CONSENT DECREE

### RECITALS

**1.** This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant, United Airlines, Inc. ("United" or "Defendant") violated Title VII when it subjected its employee to a hostile work environment based on his race and/ or national origin, resulting in the employee's constructive discharge.

**2.** The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree this Court has jurisdiction over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

**3.** Each party agrees that this Consent Decree is not an admission of the claims or defenses of the other party.

4. As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

5. For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

### I. JURISDICTION

6. The Parties acknowledge and agree that the Court has jurisdiction over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

### II. TERM AND SCOPE

7. **Term:** The duration of this Decree shall be three (3) years from the date of signing by the Court.

8. **Scope:** The terms of this Decree shall apply to United's Human Resources functions supporting the Denver International Airport ("DIA") and its Corporate Investigative Group nationwide.

### III. ISSUES RESOLVED

9. This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a complete resolution of all the Commission's claims of unlawful employment practices under Title VII of the 1964 Civil Rights Act, as amended, arising from Charge of Discrimination Number 541-2021-00859, filed by Alsunbayar Davaabat.

10.   Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

## IV.   MONETARY RELIEF

11.   Defendant will not condition the receipt of individual relief upon Alsunbayar Davaabat's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive his statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any of United Airlines, Inc.'s facilities.

12.   To resolve these claims, Defendant shall pay a total of $99,000.00, allocated as follows: (a) economic damages and non-pecuniary compensatory damages in the amount of $46,375.00, and (b) $46,375.00 in backpay to the Charging Party Alsunbayar Davaabat; and (c) $6,250.00 in attorney's fees to John Lowrie. Defendant agrees to issue tax reporting forms for all payments made. Payments shall be made via check, issued within ten (10) business days of the date this Decree is signed and entered by the Court, and mailed to Mr. Davaabat.

13.   Within three (3) business days after payments are mailed to payees, Defendant shall submit to EEOC documentation confirming that the checks have been sent.

14.   Within ten (10) business days the date this Decree is signed and entered by the Court, United agrees to provide, through the EEOC Respondent Portal, (1) Defendant's EIN, and (2) the individual and physical address to whom the EEOC should mail a copy

of the Form 1098-F. The identified individual shall be an employee of United Airlines, Inc.

15. In the event of non-payment, Defendant acknowledges that the monetary relief agreed to herein is a debt owed to and collectible by the United States, notwithstanding that the Charging Party, Alsunbayar Davaabat is the ultimate beneficiary of any agreed monetary relief.

## V.   OTHER INDIVIDUAL RELIEF

16. Defendant shall expunge from Alsunbayar Davaabat's personnel files, to the extent such information exists in his personnel files: (a) any and all references to the allegations of discrimination filed against Defendant that formed the basis of this action; and (b) any and all references to Alsunbayar Davaabat's participation in this action.

17. Should any prospective employer request a reference for Davaabat, he shall direct all such requests to United's designated employer reference telephone number, The Work Number, currently:  1-800-367-2884.  The Work Number shall respond to the reference request by providing his dates of employment and final job title.

18. Within ten (10) calendar days after entry of this Decree, Defendant shall provide Alsunbayar Davaabat 75,000 flight miles Davaabat's Mileage Plus account.

## VI.   EQUITABLE RELIEF

### A.   *Injunctive Relief*

19. Defendant, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, are enjoined from engaging in any employment

practice which discriminates on the basis of race and/or national origin, including allowing race and/ or national origin harassment.

20.     Defendant, its officers, agents, successors, and other persons in active concert or participation with them, or any of them, are enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended. Defendant shall not retaliate against a person because such person brings an internal complaint of discrimination with the Defendant; because such person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of these statutes. Defendant shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Defendant retaliate against any such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

**B.     *Policy Review***

### EEO POLICY

21.     Within sixty (60) calendar days of the entry of this Decree, the Defendant shall, in consultation with an outside consultant experienced in the area of employment discrimination law ("Consultant"), review its existing EEO policies to conform with the law and revise, if necessary.

22. The written EEO policies must include at a minimum:

22.1. A strong and clear commitment to preventing unlawful race and national origin discrimination and retaliation;

22.2. A clear and complete definition of disparate treatment based on race, national origin, and retaliation;

22.3. A statement that discrimination and harassment based on race, national origin, and/or retaliation is prohibited and will not be tolerated;

22.4. A clear and strong encouragement of persons who believe they have been discriminated or retaliated against to report such concerns;

22.5. The identification of a specific individual or hotline, where employees can report their concerns about discrimination, harassment, and/or retaliation;

22.6. A clear explanation of the steps an employee must take to report discrimination or retaliation, which must include the options of either an oral or written complaint;

22.7. An assurance that reporting violations of United's EEO policy is an important part of being a United employee, and reports help the Company address and correct any inappropriate behavior. The policy will further ensure that supervisors are required to report violations of policy.

22.8. A description of the consequences, up to and including termination, that will be imposed upon violators of Defendant's anti-discrimination policies;

22.9. An assurance of non-retaliation for persons who report unlawful discrimination, harassment, and/or retaliation, and for witnesses who provide

testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation.

Within thirty (30) calendar days after completion of the policy review required under Paragraphs 21 and 22 above, the EEO policies shall be made accessible to United's DIA employees via its intranet site and shall be distributed to all new employees when hired.

## WORKPLACE VIOLENCE POLICY

23.  . Within sixty (60) calendar days of the entry of this Decree, United will modify its Violence in the Workplace policy to ensure that it (a) cross-references United's EEO policy, and (b) specifies that investigations of actual or threatened physical violence, including those involving violations of the EEO policy, once identified as such will be initiated within 72 hours from when it is reported via one of the channels contemplated by the policy.

### C.    *Training*

24.    At least annually, Defendant shall provide EEO training for all its in-scope employees at or supporting its DIA location. Under this provision, employees will be trained at a minimum in the following areas: (a) the Defendant's policy and procedures for reporting alleged race and/ or national origin discrimination; (b) understanding the kind of conduct which may constitute unlawful discrimination or harassment; (c) the penalties of engaging in discriminatory behavior; and (d) Defendant's non-retaliation policy. All training under this Paragraph 24 shall be at Defendant's selection and expense. Training must be by live presentation, although it need not be conducted in

person and rather can be conducted by some other means (e.g., online training), with the exception that training for individual employees hired into covered roles may view a recording of the training. The training will be conducted as follows:

**24.1. Managerial and Supervisory Employees**:  Defendant will require all United employees who work in a managerial or supervisory capacity with Defendant's third-party catering service providers at its DIA location to receive 2.5 hours of training annually regarding Title VII, as amended. This training must directly address race and national origin discrimination and retaliation, and instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination. Defendant shall emphasize with managerial and supervisorial employees that due to their position of power, such employees (a) must be particularly vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (b) must be sensitive of how their actions or words might be perceived by subordinate employees; and (c) must act promptly to initiate investigations, especially where they involve physical violence or threats of violence; (d) may require engaging in courageous conversations where allegations involve higher-level managers; and (e) avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them. Additionally, Defendant will require employees who are newly hired or recently promoted into these managerial or supervisory positions to complete the requisite hours of training within thirty (30)

days of being hired or promoted. The training under this Paragraph 24.1 must be provided by outside vendors.

**24.2.  Human Resource Employees:**  Defendant will require United's Human Resources functions supporting DIA to receive at least three (3) hours of training annually regarding Title VII, as amended. This training must directly address race and national origin discrimination and retaliation, and include instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination, including the proper procedures for documenting and preserving evidence of discrimination, archiving the corporation's investigation of complaints, as well as detailing the consequences and result of the investigation where discrimination is found. The training will also address the interplay between the EEO and Workplace violence policies. Additionally, Defendant will require employees who are newly hired or promoted into these Human Resources positions to complete this same training within thirty (30) days of being hired or promoted into a Human Resources position. The training under this Paragraph 24.2 must be provided by outside vendors.

**24.3.  Corporate Investigation Team:**  All employees with responsibility for responding to or investigating complaints of discrimination nationwide, shall be provided two hours of annual training instructing on accepted professional standards for receiving and investigating complaints of discrimination, including such matters as witness interview techniques, other evidence-gathering techniques, maintaining investigative notes and records, analysis of the

evidence, taking prompt action to stop any discrimination, and methods for eliminating and ameliorating violations of anti-discrimination law. The training will emphasize the need for early intervention, especially where complaints include allegations of physical violence or threats to employment. The training under this Paragraph 24.3 must be provided by outside vendors.

25. Defendant agrees that the first such training session for each employee group identified in Paragraph 24 above, will take place within ninety (90) calendar days after the Court's entry of this Decree. Defendant agrees that training attendance under this section will be tracked in a manner that permits United to provide EEOC a registry of attendance as required by Paragraph 30 below.

## NOTICE POSTING

26. Within five (5) business days after the Court's entry of this Decree, Defendant shall post in its DIA Human Resources offices and its Corporate Investigative Group workplaces, in a conspicuous place frequented by employees, the Notice attached as Exhibit A to this Decree. The Notice shall be the same type, style, and size as set forth in Exhibit A. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy. Defendant shall certify to the Commission, in writing, within ten (10) calendar days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the reports required under the Reporting provisions of this Consent Decree.

### D.  Discipline for Violation of Policies

27. Defendant agrees that where it finds harassment or retaliation occurred at the DIA location, discipline will be administered to any such employee promptly and proportionately to the conduct or behavior at issue and the severity of the infraction of United's policies. In administering discipline pursuant to this Paragraph, United agrees that it will take reasonable steps to maintain consistency of discipline and avoid the appearance that a particular type or level of an employee receives undue favor.

### VII.  Record Keeping and Reporting Provisions[1]

28. For the duration of this Consent Decree, Defendant shall maintain all records concerning implementation of this Consent Decree.

29. Defendant shall provide reports according to the following schedule:

|  | *Time period Covered by Report* | *Date Report to be Submitted to EEOC* |
|---|---|---|
| *Report 1* | Effective Date plus 175 days | Effective Date plus 215 days |
| *Report 2* | 176-350 days after the Effective Date | Effective Date plus 390 days |
| *Report 3* | 351-525 days after the Effective Date | Effective Date plus 565 days |
| *Report 4* | 526-700 days after the Effective Date | Effective Date plus 740 days |
| *Report 5* | 701-875 days after the Effective Date | Effective Date plus 915 days |

30. Reporting Requirements: Each report shall provide the following information:

    **30.1. Complaints of Harassment**

        30.1.1. Subject to the Scope provisions in Section II, Defendant shall

_____

provide a report of any complaint of race and/or national origin harassment that involve allegations of physical violence or threats of physical violence. For purposes of this Paragraph 30.1, the term "complaint of discrimination" will include any written or verbal complaint made to a manager or of which a manager is aware which alleges harassment, or the witnessing of harassment, based on race or national origin, even if such terminology is not used by the complainant. The complainant need not invoke the terms "discrimination," "Title VII," "disparate treatment," "violation," or "rights," etc. Employees are not trained in legalese and frequently use such terms as "unfair," "unprofessional," "uncomfortable," "unjust," "retaliatory," "treated differently," or "disciplined without or for no reason" and other such language that indicates an allegation of harassment.

**30.1.2.**   The report will include:

a.   The name, address, home email address (if known), and personal telephone number (if known) of each person making a complaint of race or national origin discrimination to Defendant or to any federal, state, or local government agency;

b.   The name, address, home email address (if known), and personal telephone number (if known) of each person identified as a potential witness to the incident of discrimination, acknowledging management employees may only be contacted through counsel for Defendant;

c. A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached;

d. United will make any non-privileged materials memorializing or referring to the complaint, investigation, and/or resolution thereof available within ten (10) business days after requested by the EEOC.

**30.2. Training**

**30.2.1.** For each training program required under Paragraphs 24.1, 24.2 and 24.3, and conducted during the reporting period, Defendant shall submit a registry of attendance.

**30.2.2.** For each scheduled training program (i.e., those for current employees and not for new hires) conducted by Defendant's staff, Defendant will provide the following information: (a) a detailed agenda; (b) copies of all training material provided to or utilized by the trainers; (c) the name of each trainer and a summary of his or her qualifications.

**30.2.3.** For each training program conducted by an outside consultant or vendor not affiliated with Defendant, Defendant will identify the consultant and/or vendor and provide a copy of the program agenda.

**30.3. Posting of Notice**: Defendant shall provide a certification of the notice posted as described above, and recertify to the Commission that the Notice

required to be posted under Paragraph 26 of this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

**30.4. Policy Review**: Defendant shall report on the status of the EEO policy review and distribution process required under Paragraph 21 and 22, above, and will provide copies of its EEO policies.

**30.5. Individual Relief:** Defendant shall report on the status of the individual relief described in Sections IV and V above.

### VIII. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

31. This Court shall retain jurisdiction of this matter for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

32. There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

33. The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. Should the Court determine that Defendant has not complied with this Decree, it may order such relief as it deems appropriate

34. Absent extension, this Decree shall expire by its own terms at the end of the 36th month from the date of entry without further action by the Parties.

## IX.   EEOC AUTHORITY

**35.** With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## X.   COSTS AND ATTORNEY'S FEES

**36.** Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XI.   NOTICE

**37.** Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by email or by certified mail, postage prepaid, as follows:

| | |
|---|---|
| La Kischa J. Cook, Trial Attorney<br>EEOC Denver Field Office<br>950 17th Ave, Suite 300<br>Denver, CO 80202 | Christopher J. DeGroff<br>Seyfarth Shaw, LLP<br>233 South Wacker Drive, Suite 8000<br>Chicago, IL  60606 |

## XII.   SIGNATURES

**38.** The parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this 31st day of December, 2024.

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

BY CONSENT:

By: *[signature: Laurie Jaeckel for]*
Mary Jo O'Neill
Regional Attorney

Date: 12/18/24

By: *[signature: Mary C. O'Neil]*
Mary O'Neil
United Airlines, Inc.
Senior Managing Counsel

Date: December 18, 2024

APPROVED AS TO FORM:

*[signature]*
La Kischa J. Cook
Trial Attorney
EEOC Denver Field Office
950 17th Ave., Suite 300
Denver, CO 80202

Attorney for Plaintiff EEOC

*[signature]*
Christopher J. DeGroff
SEYFARTH SHAW, LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60606

Attorneys for Defendant

## EXHIBIT A

## NOTICE

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in *EEOC v. United Airlines, Inc.* filed in the United States District Court for the District of Colorado, Civil Action No. 1:24-cv-02438-TPO.

United's management wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operation and in all areas of employment practices. United seeks to ensure that there shall be no race or national origin discrimination against any employee or applicant for employment.

Pursuant to Title VII, as amended, it is unlawful for an employer to discriminate based upon an applicant or employee's race or national origin. It is illegal to allow harassment or a hostile work environment based on race and/ or national origin.

Further, it is unlawful for any employer to retaliate against an employee because he or she has requested reasonable accommodation for disability or religion, opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

United Airlines, Inc. respects the right of its employees and applicants for employment to work in an environment free from discrimination. Accordingly, United reaffirms its commitment to complying with the strictures of Title VII, as amended, in that it is our policy to prohibit all discrimination based on race or national origin.

Moreover, United is committed to conducting prompt investigations of complaints involving allegations of physical violence or threats of physical harm relating to race or national origin discrimination or harassment.

Any employee who believes that he/she has suffered discrimination based on their race, color, and/ or national origin, has the right to contact the Denver Field Office of the Equal Employment Opportunity Commission (EEOC) directly at (303) 866-1300. You may also contact the Colorado Civil Rights Division (CCRD) at (303) 894-2997. In compliance with federal law, no official at United Airlines, Inc. will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of three (3) years.

United Airlines, Inc.
Chief Human Resources Officer

By:_____   _____
                                                              Date